IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARRY WAYNE REGISTER
A/K/A CHARLIE RAY STARR                                                    PLAINTIFF

          v.                              Civil No.  15-5052

SHERIFF TIM HELDER; DR. MULLINS;
NURSE RHONDA BRADLEY;
TERRY LEE, Administrator for Southern
Health Partners; NURSE HARRIS; and
JENNIFER LAUB, Aramark Administrator
for Commissary; DEPUTY KATHERINE STANTON;
and CHRISTOPHER R. JOHNSON                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Currently before me for report and recommendation is a Motion to Dismiss (Doc. 35) filed by Separate Defendant, Jennifer Laub.

### 1.  Background

Plaintiff maintains his rights were violated in the following ways while he was incarcerated at the Washington County Detention Center (WCDC)(Doc. 21): (1) he was denied adequate medical treatment; (2) his right to Freedom of Religion was violated when he was denied an opportunity to be baptized by the Jehovah's Witnesses; (3) money was erroneously taken from his prison account for medical costs; (4) the commissary illegally profited by charging exorbitant prices for stamps and/or pre-stamped envelopes; and, (5) he was illegally being charged taxes on commissary items.

With respect to Jennifer Laub in particular, he alleges she allowed the medical staff to illegally deduct money from his commissary account. (Doc. 21 at 9).  Further, he alleges she is

-1-

illegally profiteering from the price of pre-stamped envelopes.  Finally, he alleges she is illegally extorting money by charging tax on items purchased from the commissary

### 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

No plausible claims are asserted against Jennifer Laub.  First, it is constitutionally permissible for a detention center to charge a detainee the cost of medical care.  In the City of Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983), the Massachusetts General Hospital (MGH) sought to recover from the City of Revere costs of medical care provided to an individual wounded while fleeing from the City police.  Id., 463 U.S. at 240.  The police officers summoned a private ambulance which took the individual to MGH.  Id.

-2-

The Court noted that both the Due Process Clause and the Eighth Amendment required the responsible governmental agency to provide medical care to persons injured while being apprehended and those in its custody.  Id., 463 U.S. at 244.  "If . . . the governmental entity could obtain the medical care needed for a detainee only by paying for it, then it must pay."  Id., 463 U.S. at 245.  However, the Court noted there were "other means by which the entity could meet its obligation" to provide medical care.  Id.  It concluded that "as long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law."  Id.  The Court clearly stated that "the injured detainee's constitutional right is to receive the needed medical treatment; how the [governmental entity] obtains such treatment is not a federal constitutional question."  Id.

Thus, while jails must provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost.  See e.g., Reynolds v. Wagner, 128 F.3d 166, 173-74 (3rd Cir. 1997)(deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society).  Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so.  Roberson v. Bradshaw, 198 F.3d 645 (8th Cir. 1999); see also Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001)(Prison inmate may file replevin action in state court to recover money taken from his prison account); Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir. 1981)(no basis for due process claim where deductions from prisoner accounts were assessments for value received).  No claim of constitutional dimension is stated by Plaintiff's allegations that he was made to pay a portion of the cost of his medical care.

AO72A
(Rev. 8/82)

Second, no constitutional claim is stated by Plaintiff's allegation that he is charged more for a pre-stamped envelope than it would cost him to obtain it directly from the United States Post Office.  Even if Plaintiff is charged exorbitant amounts, no constitutional claim is stated. See Pagan v. Westchester County, 2014 WL 982876, *17 (S.D.N.Y. March 12, 2014)(even if Aramark engages in price gouging, no constitutional claim is stated); Montgomery v. Mancusco, 2013 WL 4590436 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); McKnight v. Taylor, 2012 WL 5880331 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices"); Boyd v. Nowack, 2010 WL 892995, *4 (E.D. La. March 11, 2010)("[A] single commissary operating without competition does not run afoul of the Constitution.  Further, as to the contention that the commissary prices are too high, inmates do not have a constitutional right to purchase commissary items at low prices").

Finally, no constitutional claim is stated by the collection of sales tax on commissary items.  "Commissary prices implicate no constitutional right . . . [A prisoner has] . . . no legal basis for demanding that he be offered commissary items tax-free." Poole v. Stubblefield, 2005 WL 2290450, *2 (E.D. Mo. Sept. 20, 2005); see also Amos v. Stolzer, 2014 WL 6473596, *9 (E.D. Mo. Nov. 18, 2014); Bright v. Thompson, 2011 WL 2215011, *4 (W.D. Ky. June 6, 2011).

## 4.  Conclusion

For the reasons stated, I recommend that the Motion to Dismiss (Doc. 35) filed by Separate Defendant, Jennifer Laub, be **GRANTED** and all claims against her be dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

-4-

timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 30th day of July, 2015.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)