IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARRY WAYNE REGISTER
A/K/A CHARLIE RAY STARR                                                    PLAINTIFF

                          v.                        Civil No.  15-5052

SHERIFF TIM HELDER; DR. MULLINS;
NURSE RHONDA BRADLEY;
TERRY LEE, Administrator for Southern
Health Partners; NURSE HARRIS; and
JENNIFER LAUB, Aramark Administrator
for Commissary; DEPUTY KATHERINE STANTON;
and CHRISTOPHER R. JOHNSON                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  He proceeds

*pro se* and *in forma pauperis*.  Currently before me for report and recommendation is a Motion to

Dismiss (Doc. 67) filed by Separate Defendants Terry Lee and Lilly Harris.  Plaintiff has

responded (Doc. 81) to the Motion.  The Motion seeks dismissal of the official capacity claims

against Terry Lee and Lilly Harris.

### 1.  Background

        Plaintiff maintains his rights were violated in the following ways while he was incarcerated

at the Washington County Detention Center (WCDC) (Doc. 21): (1) he was denied adequate

medical treatment; (2) his right to Freedom of Religion was violated when he was denied an

opportunity to be baptized by the Jehovah's Witnesses; (3) money was erroneously taken from his

prison account for medical costs; (4) the commissary illegally profited by charging exorbitant

prices for stamps and/or pre-stamped envelopes; and, (5) he was illegally being charged taxes on

commissary items.

        A report and recommendation (Doc. 62) has been entered recommending dismissal of the

following claims: all claims against Jennifer Laub; Plaintiff's claims that money was erroneously

-1-

taken out of his account for medical care; his claims that the commissary was illegally profiting; and his claim that he was being illegal charged taxes on commissary items.  If the report and recommendation is adopted, it would leave for later resolution Plaintiff's claims that he was denied adequate medical treatment and his claim his right to Freedom of Religion was violated when he was denied an opportunity to be baptized.

With respect to Terry Lee and Lilly Harris, Plaintiff alleges they refused to get his medical records from the Texas and Arkansas prison systems and refused to provide him medical treatment and/or follow up treatment.  Plaintiff maintains their actions put his life in danger.  Plaintiff has sued Terry Lee and Lilly Harris in both their individual and official capacities.

### 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

-2-

**3. Discussion**

Separate Defendants, Lee and Harris, have moved to dismiss the official capacity claims. They argue Plaintiff has failed to allege any facts to show that an official institutional policy or custom of Defendants' employer, Southern Health Partners, Inc. (SHP), was unconstitutional or that it was a moving force behind any alleged harm he suffered.[1]

In opposition, Plaintiff asserts that Separate Defendants, Lee and Harris, were acting with deliberate indifference by: refusing to act in violation of his Eighth Amendment rights; not investigating the cause of his condition; and, not consulting his medical records from the Texas and Arkansas state prisons.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Washington County has contracted with SHP to provide healthcare to County prisoners. For this reason, the official capacity claims are treated as claims against SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify a [unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

---

[1] Southern Health Partners, Inc. began providing healthcare services to inmates at the WCDC on November 1, 2014, pursuant to a contract with Washington County.

AO72A
(Rev. 8/82)

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims should be dismissed.

### 4. Conclusion

For the reasons stated, I recommend that the Motion to Dismiss (Doc. 67) filed by Separate Defendants, Terry Lee and Lilly Harris, be **GRANTED.** The official capacity claims against them should be dismissed. However, the individual capacity claims against these Separate Defendants will proceed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September, 2015.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)